**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **EDWIN E. TOLENTINO, # K-84528,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 15-cv-196-SMY |
| | ) |
| **KIMBERLY BUTLER,** | ) |
| **RICK HARRINGTON,** | ) |
| **JEANETT C. HECHT,** | ) |
| **M. BAKER,** | ) |
| **K. REICHERT,** | ) |
| **and UNKNOWN PARTY,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a 48-year sentence for attempted murder as well as two 20-year sentences and a seven-year sentence for other offenses. He claims that several officers used excessive force against him, and he was then denied medical care for his injuries.

The incident which gave rise to this claim dates back to March 14, 2013. On that day, Plaintiff was handcuffed and escorted from his cell to the chapel by two unnamed "tact officers" (Doc. 1, p. 5). One of them placed his hand on the back of Plaintiff's head and jerked it downward, causing severe pain. The two officers then slammed Plaintiff on top of a food crate, and punched him in his legs and body, causing him to lose his breath.

After this assault, Defendant Officer Baker took Plaintiff to segregation. Plaintiff remarked to him, "I hate those officers for what they did to me." *Id*. When Defendant Baker

placed Plaintiff in the cell, he kicked Plaintiff in the thigh, causing him to drop to one knee. Defendant Baker then grabbed Plaintiff by the hair and said, "Well, we hate you too[,] retard" (Doc. 1, p. 5). Finally, Defendant Baker kicked Plaintiff on the back, causing severe pain and damaging his spinal cord.

Plaintiff told Defendant Reichert that he needed medical attention because of the assaults, but apparently nothing was done. Plaintiff also claims that he advised all the other named parties about the officers' assaults on him.

Plaintiff was transferred from Menard to Lawrence Correctional Center on the same day as these incidents (Doc. 1, pp. 7, 9). Upon his arrival at Lawrence, he again asked for medical care, but none was provided.

Over a year later, on April 23, 2014, Plaintiff was transferred back to Menard. Defendants Butler (current Menard Warden), Hecht (Intel Unit), and Reichert (Internal Affairs), all knew about the assaults committed by Defendant Baker and the Unknown Officers. He asserts that all of the Defendants violated his constitutional rights.

As relief, Plaintiff requests a transfer away from Menard because Defendant Baker is "still harassing" him (Doc. 1, p. 6). Further, he seeks a court order for an MRI to be performed on his back/spinal cord. Finally, he wants the Defendants to be fired or suspended without pay. He does not include a request for money damages.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Based on the allegations of the complaint, the Court finds it convenient to divide the pro

se action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** Eighth Amendment excessive force claim against Defendant Baker and the Unknown (John Doe) Tactical Officers, for jerking, slamming, punching, kicking, and grabbing Plaintiff on March 14, 2013;
>
> **Count 2:** Eighth Amendment claim for deliberate indifference to medical needs against Defendant Reichert, Defendant Baker, and the Unknown (John Doe) Tactical Officers, for failing to obtain medical care for Plaintiff following the assault described in Count 1.

Plaintiff has failed to state a claim upon which relief may be granted against Defendants Butler, Harrington, and Hecht. Because Plaintiff has requested injunctive relief, Defendant Butler shall remain in the action in her official capacity only in connection with that request. All individual-capacity claims against Defendant Butler shall be dismissed. Defendants Harrington and Hecht shall also be dismissed from the action.

### **Count 1 – Excessive Force**

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate seeking redress for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de

minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Plaintiff maintains that he offered no resistance, and indeed was handcuffed behind his back during the assaults by the Unknown Defendant Officers and Defendant Baker. The complaint thus states an excessive force claim against these Defendants that merits further review.

However, Plaintiff does not allege that any of the other Defendants participated in assaulting him, or were even present during the incidents. He indicates that he advised the other parties of what happened, after the assaults occurred. Informing a warden or other official of a constitutional violation after the fact does not result in liability. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Similarly, there is no supervisory liability in a civil rights action. A warden cannot be held liable for the unconstitutional acts of subordinate prison employees, merely because of her supervisory role. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (the doctrine of *respondeat superior* is not applicable to § 1983 actions). The complaint therefore states no claim against Defendants Butler, Harrington, Hecht, or Reichert in connection with either incident of excessive force.

**Count 1** shall proceed only against Defendant Baker and the Unknown Defendant Tactical Officers. Plaintiff shall note that those unknown parties cannot be served until he identifies them by name. Count 1 is dismissed with prejudice as to Defendants Butler, Harrington, Hecht, and Reichert.

**Count 2 – Denial of Medical Care**

Plaintiff states that he requested medical assistance from Defendant Reichert for the injuries he sustained as a result of the attacks described in Count 1. However, Defendant Reichert did not summon medical personnel. Plaintiff continued to seek medical care after his transfer to Lawrence, but was ignored. He does not name any Lawrence officials among the Defendants.

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). A "serious" medical need or injury includes a condition that is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention," or a condition where failure to render treatment could "result in further significant injury or the unnecessary and wanton infliction of pain." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

From Plaintiff's description, his injuries and pain constituted objectively serious medical conditions. Because Plaintiff indicates that he told Defendant Reichert of his injuries from the blows inflicted on him by Defendant Baker and the Unknown Officers, and asked for treatment, he has stated a cognizable deliberate indifference claim for this failure to act. Count 2 shall therefore proceed against Defendant Reichert.

As to the lack of medical treatment at Lawrence Correctional Center, the complaint falls short of stating an actionable claim. If Plaintiff wishes to assert a deliberate indifference claim against any Lawrence officials, he must identify the individuals who failed to provide care despite their knowledge of Plaintiff's injuries, and include sufficient facts to support a claim against them. He may submit a proper amended complaint in this action, in compliance with Rule 15 and Local Rule 15-1.

Count 2 may also proceed against the Defendants who inflicted the injuries upon Plaintiff. The Seventh Circuit has held that a guard who uses excessive force on a prisoner has "a duty of prompt attention to any medical need to which the beating might give rise[.]" *Cooper v. Casey*, 97 F.3d 914, 917 (7th Cir. 1996). Thus, Defendant Baker and the Unknown Tactical Officers, who perpetrated the assaults and then did nothing to secure medical attention for Plaintiff's injuries, may be found liable for deliberate indifference to Plaintiff's need for medical care. At this stage, it cannot be determined whether the actions of these Defendants resulted in Plaintiff being denied medical care or otherwise constituted deliberate indifference to Plaintiff's serious medical needs. Therefore, Plaintiff's claim in Count 2 against Defendant Baker and the Unknown Defendant Tactical Officers may also proceed for further review.

Finally, Plaintiff does not state that he requested any of the other Defendants to help him get medical care, or that they failed to do so despite their knowledge that Plaintiff was at risk of harm from his injuries. Accordingly, he fails to state a deliberate indifference claim against Defendants Butler, Harrington, or Hecht. Defendants Harrington and Hecht are thus dismissed from Count 2 without prejudice. The individual-capacity claim against Defendant Butler is also dismissed without prejudice.

To summarize, **Count 2** shall proceed only against Defendants Reichert, Baker, and the

Unknown Defendant Tactical Officers.

Defendant Butler shall remain in the action, in her official capacity only. As such, discovery requests regarding the identity of the unknown parties may be directed to her. Further, in the event that injunctive relief is ordered, she is the appropriate party to implement it. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

**Disposition**

The claims in Count 1 against Defendants Harrington, Butler, and Hecht are dismissed with prejudice. Defendants **HARRINGTON** and **HECHT** are **DISMISSED** from Count 2 and from this action without prejudice. The individual-capacity claims against Defendant **BUTLER** in Count 2 are dismissed without prejudice; she remains in the action in her official capacity only.

The Clerk of Court shall prepare for Defendants **BUTLER, BAKER,** and **REICHERT**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that

Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Tactical Officer Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 18, 2015**

                                                      s/ STACI M. YANDLE
                                                     United States District Judge