IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EDWIN E. TOLENTINO,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 15-CV-196-SMY-PMF |
| | ) |
| **KIMBERLY BUTLER, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Before the Court is Plaintiff's proposed order (Doc. 41), which the Court construes as a motion for a preliminary injunction. Plaintiff challenges the conditions he was exposed to while confined at Menard Correctional Center in March 2013. More specifically, Plaintiff alleges he was subjected to excessive force and deprived of medical care for resulting injuries in violation of the Eighth Amendment's cruel and unusual punishment clause. Following the March 2013 incident at issue in this lawsuit, Plaintiff was transferred to Lawrence Correctional Center. He returned to Menard on April 24, 2014. Since his return, Plaintiff feels that he faces a risk of danger and has been exposed to a pattern of brutality and harassment. He describes an incident in August 2014, when Defendant Michael Baker accused him of being a "snitch," promised to make his life a living hell, tightened his handcuffs and pushed him into some bars. Plaintiff believes that Defendant Baker's actions were motivated by his decision to engage in protected First Amendment activities. As a result of the August 2014 incident, Plaintiff sustained bruises to his wrists and chest.

Plaintiff describes another incident from October 2015. Plaintiff's cell was searched and during the search, legal documents pertaining to the misconduct attributed to Defendant Baker were destroyed. The officer who escorted Plaintiff to his cell made comments suggesting that this was a deliberate effort to prevent future legal action against Corrections employees. Given these events, Plaintiff anticipates some type of future physical harm from Defendant Baker or further destruction of important legal documents.

Plaintiff also states that his back ailment is deteriorating. In October 2015, he went to sick call and sought a medical referral to an outside hospital for an MRI. A nurse provided him with pain medication and referred him to a physician. Plaintiff believes his request for an MRI is being ignored and suggests that an MRI and surgery are the only appropriate treatment options. Plaintiff also feels that unknown parties are getting away with criminal conduct because they were not required to wear name tags. He asks for an order requiring Corrections employees to transfer him to the Stateville facility, arrange for an MRI and issue name tags to all tactical officers.

In order to establish that he is entitled to a preliminary injunction, Plaintiff must show that he has some likelihood of success on the merits of his claim, that he does not have an adequate remedy at law and that he will suffer irreparable harm if the injunction is not granted. *Exell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011). The Court must also consider the public interest, weighing factors in a sliding scale approach. *Christian Legal Society v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). Injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

Upon full evaluation of the materials presented, the Court is not persuaded that Plaintiff's concerns regarding his confinement in August 2014 and October 2015 demonstrate the need for a preliminary injunction in this case. The claims in this case arose from an event occurring and ending in March 2013. The force allegedly used against Plaintiff during that incident is not ongoing and none of the Defendants named herein are making decisions regarding Plaintiff's current medical needs. Under these circumstances, an order requiring Defendant Butler to provide or implement the relief requested would violate § 3626(a)(2). Accordingly, the motion is **DENIED** in its entirety.

**IT IS SO ORDERED.**

**DATED:  November 19, 2015**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**
