IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWIN E. TOLENTINO, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 15-cv-196-SMY-RJD |
| KIMBERLY BUTLER, et al., | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Plaintiff's Motion for Equitable Relief (Doc. 118), which the Court construes as a Motion for Preliminary Injunction. For the following reasons, the Motion is **DENIED**.

## Background

Plaintiff Edwin Tolentino filed this lawsuit pursuant to 42 U.S.C. §1983, alleging that his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). More specifically, Tolentino alleges that in March 2013, he was subjected to excessive force and deprived of adequate medical care for his resulting injuries, in violation of the Eighth Amendment.

Following the March 2013 incident, Tolentino was transferred to Lawrence Correctional Center. He returned to Menard on April 24, 2014. Upon his return, he filed a motion for preliminary injunction, which was denied. In denying the Motion, the undersigned found that the force allegedly used against Tolentino during the incident in question was not ongoing and that none of the named defendants were currently making decisions regarding his medical needs.

Tolentino appealed the Court's Decision to the Seventh Circuit, where it was affirmed

(*see* Doc. 103-1). In its Order, the Seventh Circuit remarked that Tolentino had not demonstrated that he would suffer irreparable harm absent injunctive relief. The Court also noted that Tolentino was set to be transferred from Menard to Stateville, making his request for relief moot. The Court added, however, that "[i]f the transfer decision is revoked, or if he is notified that he will be sent back to a prison that employs Baker, Tolentino then may seek equitable relief and the district court would need to consider whether he's entitled to it at that time."

In the Motion now before the Court, Tolentino recites much of the Seventh Circuit's Order and explains that he never notified the Court that the State decided to transfer him to Stateville; rather, he was going to Stateville on a writ for his criminal case. He asserts that he is currently incarcerated at Menard, where Defendant Baker is employed. He claims that Baker's assault against him is "ongoing" as Baker assaulted him in March 2013 and August 2014. Tolentino asks to be transferred to Dixon Correctional Center ("Dixon") because it provides the best healthcare.

## **Discussion**

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating: (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction. *Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012).

Here, Tolentino has failed to demonstrate that he is likely to suffer irreparable harm absent preliminary, injunctive relief. *See Graham v. Medical Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997) ("Irreparable harm is harm which cannot be repaired, retrieved, put down again, atoned for ….") (internal citations and quotations omitted). He merely indicates that he is currently incarcerated at Menard where Baker is employed. Although Baker allegedly assaulted Tolentino on two occasions, there is no indication that Tolentino has had any recent encounters with Baker (the last encounter took place more than two years ago). At most, Tolentino may have a generalized fear of future assault. But because Tolentino's motion is devoid of any indication that he fears for his health or safety at this time at Menard, there is no basis to order his transfer to Dixon. Moreover, Tolentino has not described any circumstances that have changed since the undersigned issued its ruling on his previous motion for preliminary injunction. For these reasons, Plaintiff Edwin Tolentino's Motion for Equitable Relief (Doc. 118) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 5, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**