# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWIN E. TOLENTINO, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 15-CV-196-SMY-RJD ) |
| JACQUELINE LASHBROOK, JEANETTE C. HECHT, MICHAEL BAKER, KEVIN REICHERT, and UNKNOWN PARTY, | ) ) ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Edwin Tolentino, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Specifically, Tolentino alleges that correctional officers used excessive force against him and that he was subsequently denied medical care for the injuries the officers inflicted. Tolentino is proceeding on the following claims:

> Count One: Eighth Amendment excessive force claim against Defendant Baker and the Unknown (John Doe) Tactical Officers for jerking, slamming, punching, kicking, and grabbing Plaintiff on March 14, 2013.
>
> Count Two: Eighth Amendment claim for deliberate indifference to medical needs against Defendant Reichert, Defendant Baker, Defendant Hecht, and the Unknown (John Doe) Tactical Officers, for failing to obtain medical care for Plaintiff following the assault described in Count One.

Defendant Lashbrook is named as a defendant only in her official capacity for purposes of providing injunctive relief, if awarded. In the Court's Screening Order, Plaintiff was advised that service would not be made on the unknown (John Doe) tactical officer defendants until he

identified them by name in a properly filed amended complaint (Doc. 6). On June 23, 2015, the Court entered a Scheduling and Discovery Order giving Plaintiff until August 28, 2015 to seek leave to amend his Complaint to name the unknown parties (*see* Doc. 28). As of the date of this Order, Plaintiff has failed to identify the unknown tactical officers. Accordingly, the Court finds that Plaintiff has failed to prosecute his case against the unknown tactical officers and they are **DISMISSED WITH PRJEUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil procedure.

The remaining defendants, Baker, Hecht, Reichert, and Lashbrook, filed a Motion for Summary Judgment (Doc. 138) that is now before the Court. Plaintiff filed a timely response (Doc. 143). For the following reasons, Defendants' Motion is **GRANTED in part and DENIED in part**.

## Background

The following facts are taken from Plaintiff's deposition unless noted otherwise. While being escorted to the chapel on March 14, 2013, Orange Crush Tactical members punched, kneed, and kicked Tolentino (Deposition of Edwin Tolentino, Doc. 139-1, p. 4). After arriving at the chapel and providing his name to the Orange Crush officers, Tolentino was taken to a shower in the segregation unit (*Id.*). Defendant Baker came to escort Tolentino to his cell (*Id.*). Tolentino told Baker that he hated what the officers had done to him, to which Baker stated "we hate you too, retard" (*Id.*). Once they arrived at Tolentino's cell, Baker kicked him in his upper left leg, causing Tolentino to drop to one knee (*Id.*). Baker also grabbed Tolentino's hair and kicked him in his back (*Id.* at 4-5). After Baker kicked him, Tolentino told him he would "whoop [his] ass" (Doc. 139-1 at 5). Tolentino requested medical attention, but Baker ignored him and walked away (*Id.* at 8-9).

Soon after his altercation with Baker, Tolentino was taken to internal affairs and interviewed by Defendant Reichert (*Id.* at 9). Reichert asked Tolentino about what he said to Baker and asked if he knew anything about a recent staff assault in the chapel (*Id.*). Tolentino denied knowing anything about the chapel incident, but told Reichert that he had been assaulted by Baker and suffered injuries to his legs and back (*Id.*). Tolentino also requested medical attention (*Id.*). Reichert did not take any action to address Tolentino's request for medical care (*Id.* at 9-10).

After speaking with Reichert, Tolentino was waiting in the bullpen to be transferred to Lawrence Correctional Center ("Lawrence") when Defendant Hecht approached him (*Id.* at 10). Hecht asked Tolentino what happened. He explained that Baker had assaulted him and that he needed medical attention for the injuries he sustained to his back and legs (*Id.*). Hecht responded by saying "too bad" and told Tolentino she was not a doctor (*Id.* at 11).

Soon thereafter, Hecht issued a disciplinary report against Tolentino for "Dangerous Disturbances," "Gang or Unauthorized Organization Activity," and "Intimidation/Threats" related to his interaction with Baker (*see* Doc. 139-2 at 5). In her disciplinary report, Hecht indicated that while Baker was removing Tolentino's restraints, Tolentino stated "when I get out of here, the Folks are going to whip that ass," and that he also made reference to a staff assault that took place in the chapel about a month prior (*Id.*). Tolentino was later found guilty of the offenses and was punished with six months of segregation, C Grade, and commissary restriction, and one month good conduct revocation (Doc. 139-1 at 6; *see* Doc. 139-2 at 3-4).

Around 3:00 p.m. on March 14, 2013, Tolentino was examined by a nurse at Menard prior to his transfer to Lawrence (Doc. 139-1 at 12; *see* Doc. 139-3 at 1). No current or acute conditions were noted on his Offender Health Status Transfer Summary, however Tolentino

attests that he told the nurse that he had a back injury and was in pain (Doc. 143-1 at 31; *see* 139-3 at 1).

Tolentino underwent another health screening with a nurse when he arrived at Lawrence around 8:00 p.m. on March 14, 2013 (Doc. 139-1 at 12; *see* Doc. 139-3 at 2). He informed the nurse that he had suffered a back injury. However, his Health Status Transfer Summary only notes that he indicated subjective complaints of bruising and pain on his left upper thigh and ribs (Doc. 139-1 at 12; *see* doc. 139-3 at 2). The transfer summary also indicates that Tolentino refused treatment, but he denies that he ever refused any treatment (Doc. 139-1 at 12; *see* Doc. 139-3 at 2).

During a visit to nurse sick call on April 3, 2013, Tolentino complained of leg pain and radiating lower back pain when exercising (*see* Doc. 139-4 at 4). He was issued Tylenol and advised to use hot and cold packs (*Id.*; *see* Doc. 139-1 at 14). Tolentino's medical records reflect that he complained about leg and back pain on one more occasion – during a May 2, 2013 medical visit (*Id.* at 13; *see* Doc. 139-4 at 5). He was provided with an order for Naproxen and directed to follow up if his problems continued (*see id.*).

Tolentino asked for an MRI of his back on some occasions, but his requests were denied (Doc. 139-1 at 13). There is no documentation of a request for an MRI in Tolentino's medical records. Nor is there any indication in the medical records that he complained of back pain after his May 2, 2013 appointment. Nevertheless, Tolentino claims that he suffered a permanent injury to his lower spinal cord that feels like "squishing a nerve" and causes him to stay stuck in one place for a long time (*Id.* at 6).

## Discussion

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). When deciding a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

**Count One - Eighth Amendment excessive force claim against Defendant Baker**

The Eighth Amendment's cruel and unusual punishments clause prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001) (quoting *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)). "In cases involving the claimed use of excessive force, 'the core judicial inquiry' is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm'." *Outlaw*, 259 F.3d at 837 (quoting *Hudson*, 503 U.S. at 7). "In conducting this inquiry, a court must examine a variety of factors, including 'the need for an application of force, the relationship between that need and the force applied, the threat reasonably perceived by the responsible officers, the efforts made to temper the severity of the force employed, and the extent of the injury suffered by the prisoner.'" *Id.* A plaintiff need not demonstrate a significant injury to state a claim for excessive force. However, "a claim ordinarily cannot be predicated on a *de*

*minimis* use of physical force." *DeWalt v. Carter*, 224 F.3d 607, 620 (7th Cir. 2000) (emphasis added) (citing *Hudson*, 503 U.S. at 5).

Here, Tolentino contends that Baker used excessive force against him on March 14, 2013. Tolentino testified that after Baker escorted him to his cell in the segregation unit, Baker kicked him once in the leg and once in the back, and pulled his hair. While Tolentino admits he made threatening remarks to Baker, he maintains that he did not make any threatening remarks prior to Baker kicking him.

Tolentino complained of back and leg pain shortly after the incident and saw a medical provider on two subsequent occasions (April 3, 2013 and May 2, 2013) for leg and back pain. Baker argues he is entitled to judgment as a matter of law as there is no evidence Tolentino suffered a serious injury and any alleged use of force was necessary to restore discipline in response to Tolentino's verbalized threats.

If Tolentino's testimony is credited, as it must be for purposes of the instant motion, then Baker's arguments fail. As previously noted, the question before the Court is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *See Outlaw*, 259 F.3d at 837. Although Tolentino admits he threatened Baker, he claims the threats came only *after* Baker kicked him. Further, there is no evidence in the record that Tolentino was not cooperating with Baker that would justify his use of force.

The Court also disagrees that as a matter of law, the force applied was minor because Tolentino's medical records fail to evidence a significant injury. A significant injury is not a prerequisite for an excessive force claim and, in the absence of evidence that the force used by Baker was applied to maintain or restore discipline, a reasonable jury could find that the

application of force was excessive. *See Wilkins v. Gaddy*, 559 U.S. 34, 36 (2010). For these reasons, Defendant Baker is not entitled to summary judgment as to Count One.[1]

**Count Two – Eighth Amendment claim for deliberate indifference to medical needs**

Deliberate indifference to serious medical needs of prisoners may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In order to prevail on such a claim, a plaintiff must first show that his condition was "objectively, sufficiently serious" and second, that the "prison officials acted with a sufficiently culpable state of mind." *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005) (citations and quotation marks omitted).

On the record before the Court, Tolentino's leg and back injury do not qualify as objectively serious medical conditions. Not "every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997); *see also Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996) (explaining that "minor aches and pains" do not rise to the level of a serious medical condition). A serious medical need is indicated by "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Hayes v. Snyder*, 546 F.3d 516, 522-23 (7th Cir. 2008) (quoting *Gutierrez*, 111 F.3d at 1373); *see also Foelker v. Outagamie Cnty.*, 394 F.3d 510, 512-13 (7th Cir. 2005) ("A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.").

---

[1] Baker is also not entitled to qualified immunity on this claim as it was the law was clearly established at the time of the events in question that applying force in a manner inconsistent with maintaining or restoring discipline implicates an inmate's constitutional rights.

Tolentino was twice examined by medical personnel concerning complaints of back and leg pain. No significant medical intervention was required and his condition was managed with over-the-counter pain medication and hot and cold packs. Although his injuries may have been uncomfortable, the record does not establish that Tolentino suffered an objectively serious medical condition. Indeed, Tolentino was exercising within two weeks of allegedly sustaining his injuries. On these facts, there is no viable deliberate indifference claim for a jury's consideration and Defendants Baker, Hecht, and Reichert are entitled to summary judgment as to Count Two[2].

## Conclusion

For the reasons stated above, the Motion for Summary Judgment filed by Defendants Baker, Lashbrook, Hecht, and Kevin Reichert (Doc. 138) is **GRANTED in part and DENIED in part**. At the conclusion of this case, the Clerk of Court **SHALL ENTER JUDGMENT** against Plaintiff Edwin Tolentino and in favor of Defendants Jeanette Hecht and Kevin Reichert. Plaintiff shall proceed in this action on Count One, a claim of excessive force against Defendant Baker. Defendant Lashbrook remains a defendant for the purposes of carrying out injunctive relief, if ordered. The unknown tactical officers are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**DATED: May 2, 2018**

s/ Staci M. Yandle  
**STACI M. YANDLE**  
**United States District Judge**

---

[2] The Court need not consider Defendants' qualified immunity argument as to Count Two because it finds that they did not violate Plaintiff's constitutional rights.