IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWIN E. TOLENTINO, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:15-cv-196-RJD |
| | ) |
| MICHAEL BAKER, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Before the Court are the motions in limine filed by Plaintiff and Defendant (Docs. 158 and 169). The Court has reviewed the motions and any responses thereto and heard arguments proffered at the March 28, 2019 final pretrial conference, and now sets forth its rulings as follows:

**Plaintiff's Motions in Limine (Doc. 169)**

1. Plaintiff seeks to bar Defendants from entering into evidence any details of his conviction other than that he has been convicted of felonies and the dates of his convictions. Plaintiff argues such evidence is neither relevant nor admissible under Federal Rule of Evidence 609, and unfairly prejudicial under Rule 403. Defendants oppose Plaintiff's motion, asserting Plaintiff's four felony convictions have probative value on the issue of his credibility that outweighs any prejudice.

Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a criminal conviction (punishable by death or by imprisonment of more than one year) may be admitted for the purposes of attacking a witness's character for truthfulness. This provision is subject to Federal Rule of Evidence 403, which states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice,

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The Court agrees with Plaintiff that the probative value of his criminal convictions is substantially outweighed by the danger of unfair prejudice. Plaintiff's motion in limine is therefore **GRANTED.** Defendant may introduce evidence that Plaintiff has been convicted of felonies and is incarcerated with the Illinois Department of Corrections for an extended period of time. Defendant shall not introduce evidence identifying the specific crimes for which Plaintiff is incarcerated.

2. Plaintiff asks that he be allowed to wear civilian clothing during trial and that the Court attempt to keep his shackles from the view of the jury. Defendant has no objection to Plaintiff's request regarding his shackles, but defers to the judgment of the IDOC regarding whether Plaintiff be allowed to wear civilian clothing. Plaintiff's Motion is **GRANTED**. Plaintiff shall be permitted to wear civilian clothing during the course of the trial, but neither Defendant nor the IDOC is required to provide the same. Security permitting, Plaintiff will not be handcuffed during the course of the trial and any leg shackles will be obstructed from the view of the jury.

3. Plaintiff seeks to bar Defendant from entering into evidence any prior irrelevant disciplinary tickets. Plaintiff asserts that any disciplinary tickets other than the one issued on March 14, 2013 are irrelevant and prejudicial. Defendant contends that Plaintiff's motion lacks necessary specificity as Plaintiff has not explained which disciplinary tickets he believes should be excluded. Notwithstanding the lack of specificity, Plaintiff's Motion is **GRANTED**. Defendant shall be barred from introducing disciplinary tickets that do not relate to the claims in this lawsuit.

4. Plaintiff asks that witnesses be sequestered from the courtroom during the testimony of

other witnesses. Defendant has no objection to the motion. Plaintiff's Motion is **GRANTED**. Pursuant to Federal Rule of Evidence 615, all non-party witnesses shall be excluded during the testimony of other witnesses at trial.

5. Plaintiff asks to call non-party IDOC employees as adverse witnesses pursuant to Federal Rule of Evidence 611(c). Plaintiff's Motion is **GRANTED IN PART AND TAKEN UNDER ADVISEMENT IN PART**. Plaintiff may call Defendant Baker as an adverse witness under FRE 611(c). The Court will consider Plaintiff's other witnesses during the course of trial, as appropriate.

6. Plaintiff seeks to bar any reference that the individual correctional officers will be responsible for the payment of compensatory damages. Defendant has no objection to Plaintiff's Motion and the Motion is **GRANTED**.

7. Plaintiff asks that the Court writ Plaintiff to the Benton Courthouse for trial. Plaintiff's Motion is **GRANTED**. The Court will issue a writ to ensure Plaintiff Edwin Tolentino is present in-person for trial.

## Defendant's Motions in Limine (Doc. 158)

1. Defendant seeks to bar Plaintiff from testifying at trial regarding the causation of any medical or mental health condition. Defendant's motion is **GRANTED IN PART AND DENIED IN PART**. Plaintiff may testify as to his own personal experience and observations, but shall be prohibited from testifying as to the causation of any specific medical diagnosis. *See Gil v. Reed*, 381 F.3d 649, 659 (7th Cir. 2004) ("no expert testimony is needed when the symptoms exhibited by the plaintiff are not beyond a layperson's grasp").

2. Defendant seeks to bar Plaintiff from offering the inadmissible hearsay statements of any medical or mental health professionals. Defendant argues any statements made by medical

professionals to Plaintiff are inadmissible hearsay and cannot be used as evidence. Defendant's Motion is **GRANTED**.

3. Defendant seeks to bar Plaintiff from offering evidence or testimony concerning other lawsuits involving the Defendant. Defendant asserts that such evidence, even if relevant, is unfairly prejudicial and may mislead the jury and confuse the issues. Defendant's Motion is **GRANTED**.

4. Defendant seeks to bar Plaintiff from offering evidence or testimony referencing any "golden rule" appeal. Defendant's Motion is **GRANTED**. Plaintiff shall be barred from setting forth any argument or testimony that the jury place itself in Plaintiff's position or engage in a hypothetical wherein the jurors are asked to place themselves in Plaintiff's position.

5. Defendant seeks to bar Plaintiff from offering affidavits or inadmissible hearsay statements of any witnesses. Defendant's Motion is **GRANTED**.

6. Defendants seek to prohibit Plaintiff from offering evidence or testimony, or otherwise suggesting, that the State of Illinois may indemnify the Defendants. Defendant's Motion is **GRANTED**. Plaintiff shall be barred from suggesting that the State of Illinois will indemnify Defendants.

**IT IS SO ORDERED.**

**DATED: March 28, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**