IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWIN E. TOLENTINO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-cv-196-RJD |
| ) | |
| KIMBERLY BUTLER, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Edwin Tolentino is an inmate in the Illinois Department of Corrections. His claims in this matter were tried before a jury on April 9, 2019 and judgment was entered in favor of Defendant Michael Baker[1] and against Plaintiff.

Now pending before the Court is the Bill of Costs filed by Defendants on April 22, 2019 (Doc. 202). Defendants seek to have Plaintiff pay $623.80 for deposition transcripts and witness fees incurred in defending this case.

Plaintiff filed an objection on November 12, 2019[2], objecting on the basis of his indigency. More specifically, Plaintiff explains he is unable to pay the costs sought and has no expectation of future income sufficient to pay the costs. Defendants argue Plaintiff has not shown that costs are inappropriate and argues Plaintiff submitted his trust fund balance from Stateville Correctional

---

[1] All other defendants had been dismissed prior to trial.
[2] Defendants remark that Plaintiff's objection is out-of-time. Although Plaintiff's objection was filed almost seven months after the bill of costs, the Court will accept it for good cause. Shortly after filing their Bill of Costs, Defendants filed a Motion to Amend Judgment (Doc. 204). In that motion, Defendants ask that their costs be included in any amended judgment. The Court ruled on Defendant's Motion to Amend on October 10, 2019, and Plaintiff's objection was filed just thirty-two days after. The Court finds good cause to accept Plaintiff's late filing due to the confusion concerning Defendants' request regarding the Bill of Costs.

Page **1** of **3**

Center, rather than Hill Correctional Center, which is his parent institution.  The Court ordered Plaintiff to submit his most recent trust fund account statement from Hill Correctional Center, which he did on July 7, 2020 (Doc. 217).  The trust fund account statement reflects a balance of $64.20 as of May 2020.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs — other than attorney's fees — should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise.  Recoverable costs under 28 U.S.C. § 1920 include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services.  28 U.S.C. § 1920(1)-(6).  "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise."  *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

The denial of costs may be warranted if the losing party is indigent and has no ability to pay.  *Id.*  To deny a bill of costs on the grounds of indigence, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court imposed costs at this time or in the future.'"  *Id.* at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994)).  "The burden is on the losing party to provide the district court with sufficient documentation to support such a finding."  *Id.* (internal quotations omitted).  Next, the district court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs."  *Id.*

Plaintiff was granted *pauper* status when this action commenced, and he has been continuously incarcerated throughout the course of this litigation (*see* Doc. 5). However, despite his *pauper* status, Plaintiff's May 2020 trust fund account reflected a balance of $64.12. It appears Plaintiff also receives funds periodically from outside parties, as well as state pay. Based on a review of the record, the Court cannot find that Plaintiff is wholly incapable of paying court-imposed costs in this case.

The Court also finds that this action was not frivolous and involved important constitutional rights under the Eighth Amendment. The Court believes Plaintiff's pursuit of this action was in good faith even though he did not prevail, but that he should not be completely relieved of the obligation to pay Defendants' costs.

For these reasons, the Court **OVERRULES** Plaintiff's objection to costs, but will reduce the amount of costs to $12.82. This amount represents 20% of Plaintiff's trust fund account balance in May 2020, which the Court finds reasonable under the circumstances. The Court **ORDERS** an award of costs in the total amount of $12.82 to Defendants, and the Clerk of Court shall tax costs in this amount against Plaintiff.

**IT IS SO ORDERED.**

**DATED: July 7, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**